UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| BRUCE E. CAMPBELL,<br><br>            Plaintiff,<br>   v.<br>TIMOTHY GEITHNER,<br><br>           Defendant.<br>_____/ | No. C 10-05861 LB<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 18]** |

## I. INTRODUCTION

On December 23, 2010, *pro se* Plaintiff Bruce Campbell filed a complaint against Defendant Secretary of the Treasury Timothy Geithner alleging Title VII violations including gender, age, and race discrimination, and a violation of the Fair Labor Standards Act for failure to pay overtime wages. Complaint, ECF No. 1.[1] Mr. Campbell requested permission to proceed *in forma pauperis* and the court granted his request on January 6, 2011. 1/6/11 Order, ECF No. 7. On April 8, 2011, Mr. Campbell moved the court to appoint a lawyer to represent him in this case. Motion, ECF No. 18. Because this case does not present "exceptional circumstances," the court **DENIES** Mr. Campbell's motion.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

## II. DISCUSSION

28 U.S.C. § 1915(e)(1) permits a court to request an attorney to represent a person who is unable to afford counsel. Unless a party may lose his physical liberty if he loses the case, there is generally no constitutional right to an attorney in a civil action. *See Lassiter v. Dep't of Soc. Serv. of Durham Cnty., N.C.*, 452 U.S. 18, 25 (1981); *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (citation omitted). Nonetheless, the court may request counsel under § 1915(e)(1), but only in "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To determine whether "exceptional circumstances" exist, the trial court should evaluate (1) the likelihood of the indigent party's success on the merits and (2) the indigent party's ability to articulate his claims in light of the complexity of the legal issues involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quotations and citation omitted).

Here, Mr. Campbell contends that appointment of counsel is proper because (1) he is unable to afford an attorney, (2) he has made diligent efforts to secure representation, (3) he is likely to succeed on the merits of his claims, and (4) his Type 1 Manic Depression significantly impedes his ability to present his case. Motion, ECF No. 18 at 1-4. While Mr. Campbell is indigent and his allegations, if true, present a strong case for relief, he appears exceptionally well-equipped to present his claims, particularly in light of the complexity of the legal issues presented. Mr. Campbell's complaint and his motion to appoint counsel are well-written, well-organized, and present fairly detailed accounts of the underlying facts. Complaint, ECF No. 1; Motion, ECF No. 18. Mr. Campbell is also well-educated: he has a Bachelor's Degree in Business Administration, a Masters Degree in Organizational Behavior, a Certificate in Advanced Accounting Proficiency, and has passed the Certified Internal Auditor examination. Complaint, ECF No. 1 at 2, ¶ 5. Considering that the factual and legal issues surrounding Mr. Campbell's discrimination and failure to pay overtime claims are not particularly complicated and that he seems competent to present his case, "exceptional circumstances" do not exist that warrant a request for counsel. As such, Mr. Campbell's motion for appointment of counsel is **DENIED**.

///

### III. CONCLUSION

Mr. Campbell's motion for appointment of counsel is **DENIED**. The court encourages Mr. Campbell to review the Northern District's *Pro Se* Handbook that is attached to this order, and to continue to consult the VLSP Legal Help Center for further assistance. A copy of the Legal Help Center flyer is also attached to this order.

This disposes of ECF No. 18.

**IT IS SO ORDERED.**

Dated: April 21, 2011

_____
LAUREL BEELER
United States Magistrate Judge

C 10-05861 LB
ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL
3