MELINDA HAAG (CSBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone: 415 436-6967
Fax: 415 436-6748
Email: jennifer.s.wang@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRUCE CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY GEITHNER, Secretary, U.S. Department of Treasury,<br><br>Defendant. | Docket No. C 10-5861 LB<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND ~~[PROPOSED]~~ ORDER** |

IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action be settled and compromised on the following terms:

WHEREAS, Plaintiff filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended, the Rehabilitation Act of 1973, and the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 633a;

WHEREAS, Plaintiff has filed the following administrative EEO complaints with the Internal Revenue Service: IRS-09-0083-F

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the execution of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Amount**. In full and final settlement of all claims in connection with the above-captioned action, defendant shall pay Plaintiff a total sum of two thousand dollars and zero cents ($2000.00) ("Settlement Amount"). There shall be no withholding from this amount. Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS. The check will be made payable to Bruce Campbell, and will be mailed to Plaintiff. Plaintiff ~~attorney~~ has been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

2. **Release**. In consideration of the payment of the Settlement Amount and the other terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges Defendant, the United States Department of Treasury, the IRS, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, including claims arising under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date he executes this Agreement, which arise from or relate to his employment with the IRS.

3. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other EEO administrative proceedings which are currently pending.

4. **Dismissal**. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff shall immediately upon execution of this

Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiff of the Settlement Amount and Plaintiff's corrected Standard Form 50.

5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

6. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

7. **No Admission of Liability**. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, the U.S. Department of the Treasury, the IRS, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in these actions.

8. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any

government agency thereof.

9. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California.

10. **Construction**. Each party hereby stipulates that it has had the opportunity to seek and rely upon independent counsel in the negotiations for the preparation of this Stipulation and Agreement, that it has had the opportunity to have the contents of the Stipulation and Agreement fully explained to it by independent counsel, and is fully aware of and understands all of the terms of the Stipulation and Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

12. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

13. **Authority**. The signatories to this Agreement have actual authority to bind the parties.

14. **Expungement of Personnel Records**. In addition to the terms described in paragraph 1 above, Defendant agrees to the following:

(A) Defendant shall expunge from the plaintiff's Official Personnel Folder ("OPF") all records of his termination, and replace such records with a Standard Form 50 reflecting that plaintiff voluntarily resigned on September 26, 2008.

(B) If any formal inquiries about the plaintiff's employment history are made to the IRS, Defendant shall direct such inquiries to ~~_______ or his successor at ___(Business address and telephone number)___~~ the IRS's automated employment verification system at 800-367-2884 or online at www.theworknumber.com. The only information that will be released ~~by Mr. _______ or his successor~~ will be the plaintiff's name, salary, dates of service with the agency, position, grade, and that he voluntarily resigned. Defendant's obligations under this subparagraph shall expire five (5) years after the date this agreement is "so ordered" by the Court.

15. **Application for Future Employment**. Plaintiff agrees that he will not apply for employment at the IRS not including other subagencies within the Department of Treasury, following the date of his signature on this agreement.

(C) Defendant will make his best effort to provide to plaintiff the form letter that IRS provides to employees who voluntarily resign, and if possible, place a copy of the letter in the plaintiff's OPF.

16. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in Employment Act**. Plaintiff acknowledges that he has been given a reasonable period of time to consider this Agreement. Plaintiff is advised to consult his attorney about the Agreement.

DATED: 8-25-2011 _Bruce Campbell_ Plaintiff BRUCE CAMPBELL

DATED: August 25, 2011 _[signature]_ Assistant United States Attorney Jennifer Wang Attorney for Defendant

DATED: Aug. 25, 2011 _[signature]_ Agency Representative Megan K. Gibbons

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: September 27, 2011

_LBB_

~~HON. United States District Judge~~

LAUREL BEELER
United States Magistrate Judge

# Exhibit A

MELINDA HAAG (CSBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone: 415 436-6967
Fax: 415 436-6748
Email: jennifer.s.wang@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRUCE CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY GEITHNER, Secretary, U.S. Department of Treasury,<br><br>Defendant. | Docket No. C 10-5861 LB<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

THE PARTIES IN THE ABOVE-CAPTIONED ACTION HEREBY SUBMIT THE FOLLOWING STIPULATION:

Pursuant to Federal Rule of Civil Procedure 41(a), plaintiff Bruce Campbell and defendant Timothy Geithner hereby stipulate to dismiss with prejudice the above-captioned action, including all claims that were asserted therein. Each party will bear its own costs and attorneys' fees.

DATED:________________ By: ____________________
BRUCE CAMPBELL
Plaintiff

MELINDA HAAG
United States Attorney

DATED:_______________

By: _______
JENNIFER S WANG
Assistant United States Attorney

**[PROPOSED] ORDER**

The Stipulation of Dismissal with Prejudice is granted and this entire action is dismissed with prejudice.

IT IS SO ORDERED.

DATED: _______________

_______________________________
HON. LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE