1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

BRUCE E. CAMPBELL,

                    Plaintiff,

    v.

TIMOTHY GEITHNER,

                  Defendant.

_____/

No. C 10-05861 LB

**ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW FROM THE  SETTLEMENT AGREEMENT**

## I. INTRODUCTION

At a settlement conference with a magistrate judge, the parties to this action entered into a written settlement agreement.  About six weeks later, plaintiff Bruce Campbell, proceeding *pro se*, filed a motion to withdraw from it.  Upon consideration of the parties' arguments and for the reasons described below, the court DENIES Mr. Campbell's motion.

## II. BACKGROUND

On December 23, 2010, Mr. Campbell filed a complaint against Secretary of the Treasury Timothy Geithner ("Defendant") alleging gender, age, and race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*., and a violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et seq*., for failure to pay overtime wages.  Complaint, ECF No. 1.[1]  Defendant answered the complaint, and

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 10-05861 LB

1  the parties proceeded to participate in a settlement conference with Magistrate Judge Laporte on
2  August 25, 2011.  Answer, ECF No. 16; Minute Entry, ECF No. 24.

3      At that conference, the parties entered into a written settlement agreement, which the parties later
4  filed for this court's approval.  Minute Entry, ECF No. 24; Settlement Agreement, ECF No. 26.  The
5  settlement was not orally announced on the record at the conference.  Minute Entry, ECF No. 24.
6  The court approved the settlement agreement on September 27, 2011.  Stipulation and Order, ECF
7  No. 28.

8      Two weeks later, Mr. Campbell filed a motion to withdraw from the settlement agreement.
9  Motion, ECF No. 29.  His motion contained no reason why he wished to do so; rather, it merely
10  stated that he wished to withdraw from it and requested that a hearing be set.  *Id.*  The court set Mr.
11  Campbell's motion for hearing on November 17, 2011 as well as a briefing schedule.  Clerk's
12  Notice, ECF No. 30.  Defendant opposed Mr. Campbell's motion and also requested that the hearing
13  be continued.  Request, ECF No. 31; Opposition, ECF No. 33.  The court granted Defendant's
14  request and continued the hearing on Mr. Campbell's motion to December 1, 2011.  Order, ECF No.
15  36.  Mr. Campbell then filed a verified reply brief in which he provided his reasons for wanting to
16  withdraw from the settlement agreement.  Reply, ECF No. 37.

17      The hearing on Mr. Campbell's motion took place on December 1, 2001, during which time the
18  court heard and considered the arguments of both parties.  Motion Hearing Minute Entry, ECF No.
19  38.

20              **III.  LEGAL STANDARDS**

21      Because of "the high judicial favor accorded the voluntary settlement of disputes," a "trial court
22  has power to summarily enforce on motion a settlement agreement entered into by the litigants while
23  the litigation is pending before it."  *In re City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co.*, 22
24  F.3d 954, 957 (9th Cir. 1994) (quotations omitted); *see Callie v. Near*, 829 F.2d 888, 890 (9th Cir.
25  1987).  To be enforced, a settlement agreement must meet two requirements.  First, it must be a
26  "complete agreement."  *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *see Callie*,
27  829 F.2d at 890.  Second, both parties must have either agreed to the terms of the settlement or
28  authorized their respective counsel to settle the dispute.  *See Harrop v. Western Airlines, Inc.*, 550

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1  F.2d 1143, 1144-45 (9th Cir. 1977).  "Where material facts concerning the existence or terms of an

2  agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."  *Callie*, 829

3  F.2d at 890 (citations omitted).

4      "A settlement agreement is treated as any other contract for purposes of interpretation."  *United*

5  *Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992).  Accordingly,

6  "[t]he construction and enforcement of settlement agreements are governed by principles of local

7  law which apply to interpretation of contracts generally."  *Id*. (quotation omitted).  "This is true even

8  though the underlying cause of action is federal."  *Id*. (citations omitted).  "Under California law, the

9  intent of the parties determines the meaning of the contract.  The relevant intent is 'objective' – that

10  is, the intent manifested in the agreement and by surrounding conduct – rather than the subjective

11  beliefs of the parties.  For this reason, the true intent of a party is irrelevant if it is unexpressed."  *Id*.

12  (citations omitted).

## IV.  DISCUSSION

13

14      Here, Mr. Campbell does not dispute the existence of the settlement agreement.  Instead, he says

15  in his reply brief that "in my  haste to get out of [the settlement conference], I foolishly and

16  unthinkingly" signed the agreement, which Defendant's counsel "put in front of me while I was

17  signing and initialing some other documents."  Reply, ECF No. 37 at 2.

18      To the extent that he asserts that he did not intend to enter into the agreement, that argument is

19  belied by the terms of the settlement agreement.  That document states, among other things, that

20  "[e]ach party hereby stipulates that it has had the opportunity to seek and rely upon independent

21  counsel in the negotiations for the preparation of this Stipulation and Agreement, that it has had the

22  opportunity to have the contents of the Stipulation and Agreement fully explained to it by

23  independent counsel, and is fully aware of and understands all of the terms of the Stipulation and

24  Agreement and the legal consequences thereof."  Settlement Agreement, ECF No. 26 at 4, ¶ 10.

25  Similarly, paragraph sixteen of the document demonstrates Mr. Campbell's intent to enter into the

26  agreement and settle this case.  Titled "Knowing and Voluntary Waiver of Remedies Under Age

27  Discrimination in Employment Act," that paragraph provides: "Plaintiff acknowledges that he has

28  been given a reasonable period of time to consider this Agreement.  Plaintiff is advised to consult his

UNITED STATES DISTRICT COURT
For the Northern District of California

1   attorney about the Agreement." *Id*. at 5, ¶ 16.

2        That argument also is belied by Defendant's counsel's statement that she obtained Mr.

3   Campbell's permission to file the signed, written settlement agreement with the court on September

4   9, 2011. Wang Decl., ECF No. 34 at 2, ¶ 4. Indeed, it would be odd for Mr. Campbell to have given

5   Defendant's counsel his permission to file the settlement agreement with the court if he had not

6   intended to be bound by it.

7        It is clear, then, that Mr. Campbell's "objective" intent – "the intent manifested in the agreement

8   and by surrounding conduct" – indicates that he intended to settle this case. To extent that Mr.

9   Campbell simply came to regret his decision to do so, this is not a basis for repudiating the

10  agreement. *See Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978) ("Assuming both the

11  power of the attorney to bind his client and the validity of the agreement struck, a litigant can no

12  more repudiate a compromise agreement than he could disown any other binding contractual

13  relationship.") (citations omitted).

14       At oral argument, Mr. Campbell clarified that his concern was his signing a statement that

15  Brigitte Doan "had nothing to do with [his] termination." *See* Reply, ECF No. 26 at 2. The

16  settlement agreement, as the court made clear at oral argument, contains no such acknowledgment.

17  *See generally* Settlement Agreement, ECF No. 26.

18       Mr. Campbell also alleges generally in his reply brief that Defendant "operated in bad faith"

19  throughout the litigation. Reply, ECF No. 37 at 2. Among other things, he says that Defendant

20  "submitted falsehood upon falsehood" and "withheld critical documents that would have enable me

21  to show a comparison of my work to the other new hires using the same criteria." *Id*. None of these

22  allegations, however, bear upon whether Mr. Campbell and Defendant entered into a valid and

23  enforceable settlement agreement. As shown above, both the agreement itself and Mr. Campbell's

24  conduct show that he intended to settle this case.

## V.  CONCLUSION

25

26       Based on the foregoing, the court DENIES Mr. Campbell's motion to withdraw from the

27  settlement agreement.

28       This disposes of ECF No. 29.

**IT IS SO ORDERED.**

Dated: December 5, 2011

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

C 10-05861 LB

5